IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2096-G |
| | § | |
| SHERIFF DON ANDERSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Steven W. Quick, a former inmate in the Hunt County Jail, against Sheriff Don Anderson. On November 9, 2006, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis.* After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous and he is not "under imminent danger of serious physical injury."

II.

Plaintiff, who suffers from AIDS and Hepatitis, generally alleges that he was denied medical care and recreation privileges, placed in solitary confinement for no reason, and otherwise discriminated against by Sheriff Anderson while incarcerated in the Hunt County Jail. By this suit,

plaintiff seeks more than $500 million in damages to compensate him for physical, mental, and emotional suffering.

A.

A prisoner may not proceed *in forma pauperis* if he has filed three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). The only exception is for cases where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.

Plaintiff was allowed to proceed *in forma pauperis* in seven prior civil actions while incarcerated. All seven cases were dismissed as frivolous under 28 U.S.C. § 1915(e). *See Quick v. Beacum*, No. 3-05-CV-1130-L (N.D. Tex. Sept. 26, 2005); *Quick v. Spangler*, No. 3-05-CV-1149-M (N.D. Tex. Dec. 1, 2005); *Quick v. Asst. District Attorney, et al.*, No. 3-05-CV-1620-B (N.D. Tex. Dec. 16, 2005); *Quick v. Rosenberry, et al.*, No. 3-05-CV-2188-M (N.D. Tex. Mar. 15, 2006); *Quick v. Neel*, No. 3-05-CV-2187-P (N.D. Tex. Mar. 27, 2006); *Quick v. Thomas, et al.*, No. 3-05-CV-1622-N (N.D. Tex. Mar. 29, 2006); *Quick v. Edwards*, No. 3-05-CV-1151-L (N.D. Tex. Jun. 26, 2006).[1] As a result, plaintiff cannot proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] In addition, plaintiff filed three prior lawsuits against Sheriff Anderson. All three cases were dismissed without prejudice as either duplicative or for failure to comply with court orders. *See Quick v. Anderson*, No. 3-05-CV-1128-M (N.D. Tex. Aug. 10, 2005); *Quick v. Anderson*, No. 3-05-CV-1153-M (N.D. Tex. Jun. 29, 2005); *Quick v. Anderson*, No. 3-05-CV-1619-P (N.D. Tex. Nov. 21, 2005).

All of plaintiff's claims arise out of the conditions of his confinement at the Hunt County Jail. However, plaintiff was transferred to the Stiles Unit of the TDCJ-ID before this lawsuit was filed. Because he is no longer incarcerated in Hunt County Jail, plaintiff is not under "imminent danger of serious physical injury" with respect to the claims alleged in his complaint. Plaintiff is therefore barred from proceeding *in forma pauperis*.

### RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 30 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE